**Dennis Vladimirovich BATYUCHENKO, Petitioner,**

v.

**Janet RENO; United States Immigration and Naturalization Service; and Richard Smith, Respondents.**

**No. C99–185R.**

United States District Court, W.D. Washington, at Seattle.

July 9, 1999.

Jay Warren Stansell, Jennifer Wellman, Federal Public Defender's Office, Seattle, WA, for Dennis Batyuchenko, petitioner.

Alicia E. Wiltz, U.S. Attorney's Office, Seattle, Quynh Vu, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for U.S. Immigration and Naturalization Service, respondents.

## ORDER SETTING HEARING

ROTHSTEIN, District Judge.

Petitioner Denis Batyuchenko was born on April 9, 1974 in Brest, Belarus, which was at that time part of the Soviet Union. He immigrated to the United States on February 6, 1991 as a refugee and was granted lawful permanent resident status on August 12, 1992. According to INS records, Batyuchenko has been arrested for shoplifting, assault, domestic violence, obstruction of justice, burglary, and kidnapping. Batyuchenko was convicted of theft in April 1995 and of receiving stolen property in August 1996. On December 18, 1996, Batyuchenko was arrested by the Bellevue Police on an outstanding warrant and turned over to the Immigration and Naturalization Service ("INS"). He has remained in INS detention since that time.

On January 28, 1997, an Immigration Judge ordered Batyuchenko deported to Belarus based on Batyuchenko's conviction of two crimes of moral turpitude. (AR 18). Batyuchenko waived his right to appeal the Immigration Judge's decision. (AR 94). Since Batyuchenko's immigration to this country, the collapse of the Soviet Union led to the emergence of Russia and Belarus as two independent nations. On February 19, 1997 and on April 22, 1997,

the INS wrote to the Consulate General of Russia requesting the issuance of travel documents that would allow the INS to deport Batyuchenko to Russia. (AR 96–98). The Consulate refused, however, because Russian officials do not consider Batyuchenko a Russian citizen. A similar request was made to the Consulate General of Belarus on April 23, 1999. This request was also denied, because the Consulate determined that Batyuchenko is not a citizen of Belarus.

The government admits that Belarus and other countries that were part of the former Soviet Union have been unwilling to repatriate their citizens and nationals, but the government maintains that international law obligates Belarus to repatriate its nationals who have not obtained another nationality. *See* INS Ex. L. The government also contends that while Batyuchenko may be able to emigrate to Israel or another third country, he has not participated in obtaining travel documents. *See* INS Br. at 8.

Given these arguments, the court finds that it lacks the evidentiary background necessary to apply the framework of the joint order. Although the government asserts that deportation is possible, the court is unable to determine from the record before it the likelihood of Batyuchenko's deportation. The current record does not allow the court to measure the likelihood of Belarus or Russia reconsidering their decisions, the extent of the government's efforts to secure travel documents for Batyuchenko from a third country, or Batyuchenko's efforts to assist the government in securing those documents. Similarly, the court lacks the information necessary to assess Batyuchenko's flight risk given past failures to appear at court proceedings and the danger he poses to the community.

The court, therefore, will hold an evidentiary hearing to determine the following: the likelihood of the issuance of travel documents from either Russia or Belarus, the efforts of the government and of Ba-

tyuchenko in obtaining travel documents from a third country, the likelihood that Batyuchenko would flee if released from detention, and the danger he presents to the community if released. The parties shall contact this court's deputy clerk to set the time and date for the hearing.